**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN WALLACE, on behalf of himself
and others similarly situated,

    Plaintiff,

v.                                                                                CASE NO.:

ROADRUNNER TIRE AND BRAKE EXPRESS, LLC,
a Florida Limited Liability Company, and
TIMOTHY BEVINGTON, individually,

    Defendants.
_____/

**WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JOHN WALLACE ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, ROADRUNNER TIRE AND BRAKE EXPRESS, LLC ("ROAD RUNNER") and TIMOTHY BEVINGTON ("BEVINGTON") (collectively "Defendants") and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Columbia County, Florida.

3. At all times material, Plaintiff is and was a citizen of Florida.

4. At all times material, Defendant ROAD RUNNER was/is a Florida Limited Liability Company authorized to conduct business in the State of Florida, with its

principal place of business at 880 S.W. Sisters Welcome Rd., Lake City, FL 32025.

5. At all times material, Defendant BEVINGTON is and was a resident of Suwannee County.

**GENERAL ALLEGATIONS**

6. Defendant ROAD RUNNER is a company that operates an automotive repair shop in Lake City, Florida.

7. Defendant BEVINGTON is the President and owner of ROAD RUNNER. In that position, BEVINGTON exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10. Plaintiff was employed by Defendants for greater than the past three years through February 1, 2020 as an hourly non-exempt employee, performing non-exempt functions such as working on vehicles with a gross vehicle weight rating (GVWR) of less than 10,000 pounds.

11. Plaintiff was engaged in interstate commerce during his employment with

Defendants.

12. Plaintiff regularly utilized the internet, telephone, facsimiles and interstate wires to submit and receive orders for tires and wheels and other information to and from outside the state of Florida and regularly prepared reports for direct interstate transmission. Moreover, Plaintiff regularly engaged in the sending and receiving of, and preparation of, out-of-state orders for tires and wheels and other documents, and their work involved the regular and recurrent use of the interstate mails, telephone, telegraph, and similar agencies for communication across state lines

13. Plaintiff regularly performed work on vehicles that were travelling in interstate commerce from and/or to locations outside the state of Florida.

14. Defendants paid Plaintiff on an hourly, not a salary, basis, and his pay was reduced based upon the quantity of work performed, e.g. deductions for partial and full day absences.

15. Plaintiff has been required to retain the undersigned counsel to represent him in this action and are obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (BOTH DEFENDANTS)

16. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 15 as if fully restated herein.

17. This action is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA") to recover unpaid overtime compensation owed to Plaintiff and other non-exempt employees similarly situated to Plaintiff.

18. Plaintiff and others similarly situated were employees of Defendants

under the FLSA.

19. Plaintiff and others similarly situated routinely worked in excess of forty (40) hours a workweek but were not paid overtime compensation at a rate of time and one-half as required by the FLSA.

20. Defendants failed to comply with the FLSA because Plaintiff and others similarly situated were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

21. Defendant BEVINGTON is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

23. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated employees. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

24. Defendants' failure to pay Plaintiff and others similarly situated overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

25. Plaintiff and others similarly situated have suffered harm, including unpaid overtime compensation, as a direct result of Defendants' failure to pay them

overtime compensation as required by the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order certifying this action as a collective action, providing notice to all similarly situated employees of their right to opt into this action, awarding damages to Plaintiff and others similarly situated in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## CONVERSION (DEFENDANT ROAD RUNNER)

26. Plaintiff Wallace hereby incorporates by reference the allegations contained in Paragraphs 1 to 15 as if fully restated herein.

27. Plaintiff Wallace has a clear legal ownership and right to possession with respect to tools he loaned to the company during his employment.

28. Defendant Road Runner wrongfully misappropriated Plaintiff Wallace's tools for its own benefit and to Plaintiff Wallace's detriment, in violation of Plaintiff Wallace's property rights, when it terminated his employment and refused to relinquish possession of Plaintiff Wallace's tools.

29. As a proximate result of Defendant's acts of conversion, Plaintiff Wallace has been deprived of his property rights and suffered damages.

30. Plaintiff Wallace has demanded the return of, and Defendant has refused to return, the tools.

WHEREFORE, Plaintiff Wallace prays for the following relief:  Awarding damages in the amount of the value of the misappropriated tools, compensatory damages, plus attorneys' fees and costs, and awarding all such other relief as the Court deems just and appropriate.

**COUNT III**
**WRONGFUL TERMINATION BY DEFENDANT**
**IN VIOLATION OF FLA. STAT. § 440.205**
**(DEFENDANT ROAD RUNNER)**

31. Plaintiff Wallace hereby incorporates by reference the allegations contained in Paragraphs 1 to 15 as if fully restated herein.

32. Florida Statute § 440.205 states as follows:

No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

33. During his employment, Plaintiff Wallace suffered a workplace injury when he was hit behind by a tire rim while performing work for Defendants.

34. Plaintiff Wallace engaged in statutorily protected activity by filing a valid claim or attempting to file a claim for workers' compensation benefits.

35. As a result of Plaintiff Wallace's statutorily protected activity, Defendant immediately informed Plaintiff Wallace that if he told anyone about the injury he would be fired.  Soon thereafter, Defendant Road Runner discharged Plaintiff Wallace because of his statutorily protected activity.

36. As a result of Defendant's unlawful actions, Plaintiff Wallace has suffered economic and emotional damages.

37. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff Wallace's statutorily protected rights.

**WHEREFORE**, Plaintiff Wallace demands judgment against Defendant Road Runner and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii) Front and back pay;

(iv) Any other compensatory damages allowable under the law;

(iv) Prejudgment and post-judgment interest; and

(v) Any other relief the Court deems appropriate.

### COUNT IV
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)
### (DEFENDANT ROAD RUNNER)

34. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 15 as if fully restated herein.

35. Pursuant to 26 U.S.C. § 7434, a copy of this Complaint is being provided to the Internal Revenue Service upon the filing of the Complaint at: **Internal Revenue Service, Fraud Division, Fresno, CA 93888**.

36. During his employment, Defendant paid Plaintiff and similarly situated employees in cash or by means of a pre-paid debit card.

37. Plaintiff and similarly situated employees were considered employees and not independent contractors. Pursuant to the Internal Revenue Code, Defendant

possessed a legal obligation to accurately report Plaintiff's earnings to the IRS and the Social Security Administration for each tax year during which they worked, as well as to deduct applicable taxes from their wages.

38. Defendant had a legal duty not only to deduct applicable employment taxes from Plaintiff's wages and to accurately report these wages to the IRS, but also to file correct information returns with the IRS on Plaintiff' behalf.

39. Defendant knowingly failed to deduct applicable employment taxes from Plaintiff' wages and failed to reflect such wages on an "information return" for purposes of 26 U.S.C. § 7434(a).

40. In the tax evasion context, fraud is the "willful attempt to evade tax." *See Beaver v. Commissioner*, 55 T.C. 85, 92 (1970). The IRS itself considers a number of factors to make a showing of fraud, including understatement of income, inadequate records, mischaracterization of sources of income, and implausible or inconsistent explanations of behavior. *See Spies v. United States*, 317 U.S. 492, 499 (1943).

41. Defendant voluntarily and intentionally issued Plaintiff inaccurate IRS information returns in an attempt to evade paying federal income tax on such sums, in violation of its legal duty to deduct applicable employment taxes from Plaintiff' wages and to accurately report these wages to the IRS.

42. By intentionally issuing Plaintiff inaccurate IRS information returns in an attempt to evade paying federal income tax, Defendant willfully and fraudulently failed to properly record payments made to Plaintiff and to properly account for these payments to the IRS.

43. By engaging in the aforestated conduct, Defendant filed fraudulent information returns for Plaintiff with the IRS, in violation of 26 U.S.C. § 7434(a).

44. By engaging in the aforestated conduct, Defendant breached a number of its legal duties under the Internal Revenue Code, including avoiding payment of all of the applicable employment taxes that it was obligated to pay on their behalf. See 26 U.S.C. §§ 3102(a), 3402(a) (imposing a duty on employers to deduct applicable taxes from their employees' wages); 26 U.S.C. § 3401(d)(1) (defining "employer" under the IRC); (26 U.S.C. § 3121(a) (defining employee wages for the purpose of income taxation); 26 U.S.C. § 6051(a) (imposing a duty on employers to furnish employees with copies of their information returns); 26 U.S.C. § 6721(a)(2)(B) (prescribing penalties for failure to file correct information returns).

45. Plaintiff has suffered harm as a result of Defendant's wrongful conduct.

46. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

47. For violations of 26 U.S.C. § 7434(a), the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of the action, and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a) Costs attributable to resolving deficiencies, civil damages of $5,000 for Plaintiff, and/or damages resulting from Plaintiff's additional tax debt, and Plaintiff's additional time and expenses associated with any necessary corrections;

b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

c) All costs and attorney's fees incurred by Plaintiff in prosecuting these claims; and

d) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 7th day of May, 2020.

Respectfully submitted,

/s/ Jay P. Lechner
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
**LECHNER LAW**
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
Facsimile: (813) 225-1392
jplechn@jaylechner.com
shelley@jaylechner.com
*Attorneys for Plaintiff*